UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH COOPER,

Petitioner,

v.

MATT LEIRSTEIN,

Respondent.

Case No. 1:26-cv-1861

Honorable Phillip J. Green

**OPINION**

This is a habeas corpus action brought initially by an Emmet County Correctional Facility pretrial detainee under 28 U.S.C. § 2241. The Court will grant Petitioner leave to proceed *in forma pauperis*. (ECF No. 2.)

Petitioner contends that the bail set by the Emmet County Circuit Court was excessive. He asks the Court to order his release under 28 U.S.C. § 2241 on a bond that is not excessive. This matter is presently before the Court for preliminary review under 28 U.S.C. § 2243.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at th[e] time the magistrate entered judgment.").[2] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's excessive bail claim has been rendered moot by Petitioner's judgment of sentence entered in a separate case. Accordingly, the Court will summarily dismiss the petition.

## Discussion

### I. Factual allegations

When Petitioner filed his petition, he was awaiting trial in the Emmet County Circuit Court. *See* https://micourt.courts.michigan.gov/case-search/ (select continue, enter "Emmet" in the "Search…" box, select "Emmet County 57th Circuit Court," enter Last Name "Cooper," enter First Name "Joseph," select Search, select Case ID 2025-0000005746-FH) (last visited Aug. 10, 2026). But he had also recently been convicted by an Otsego County Circuit Court jury on three drug charges. *See* https://micourt.courts.michigan.gov/case-search/ (select continue, enter "Otsego" in the "Search…" box, select "Otsego County 46th Circuit Court-Otsego," enter Last Name "Cooper," enter First Name "Joseph," select Search, select Case ID 2025-0000006856-FH) (last visited Aug. 10, 2026). On July 9, 2026, the Otsego County Circuit Court sentenced Petitioner to concurrent sentences, the longest of which is 8 to 40 years' imprisonment. *Id.*

Upon entry of the Otsego County Circuit Court judgment of sentence, Petitioner was no longer held as a pretrial detainee; instead, he became "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

## II. Petitioner Must Comply with the Requirements of § 2254

Habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. Section 2254 "'allows state prisoners to collaterally attack either the imposition or the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006). "The reality is that § 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment." *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019). No matter what form Petitioner uses or what statute he claims serves as the basis for relief, because he is in custody pursuant to the judgment of a state court, his request for habeas relief must comply with the requirements of 28 U.S.C. § 2254. *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("[T]his makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.").

## III. Petitioner's Excessive Bail Claim is Rendered Moot by his Conviction

The Eighth Amendment provides that "[excessive bail shall not be required]." *United States v. Salerno*, 481 U.S. 739, 752 (1987) (internal quotes omitted). A habeas corpus petition can be an appropriate means to remedy excessive bail; but once the

defendant is convicted in the state court, with respect to habeas relief, the issue becomes moot. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("[W]e find that Hunt's constitutional claim to pretrial bail became moot following his convictions in state court . . . ."); *see also United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004) ("He first argues that the prosecutor violated his Fifth, Eighth, and Fourteenth Amendment rights by fabricating evidence so that the Magistrate would deny his pretrial release on bond. Manthey's conviction, however, renders his constitutional claims to pretrial bail moot."); *Bridges v. Sloan*, No. 1:15-cv-2556, 2018 WL 7917920, at *25 (N.D. Ohio Aug. 9, 2018) ("First, post-conviction claims of excessive pre-trial bail have been adjudged moot in the context of federal habeas proceedings because the petitioner is not in custody as a result of the supposedly excessive bail, but rather as a result of the subsequent conviction.") (footnote omitted); *Dickson v. Leibach*, No. 3:18-cv-60, 2019 WL 5057175, at *5 (E.D. Tenn. Oct. 8, 2019) ("Accordingly, this claim is procedurally defaulted and otherwise moot, as Petitioner is not currently imprisoned because of excessive bail, but rather, because of his convictions.").

Petitioner does not suggest that the imposition of an excessive bail otherwise rendered his trial or conviction in Otsego County constitutionally infirm. Accordingly, upon his conviction, at least with regard to habeas review, his excessive bail claim was rendered moot. At that point, he was no longer "in custody" pursuant to the Emmet County Circuit Court's order imposing an excessive bail; he was "in custody" pursuant to his conviction. This Court can no longer provide Petitioner with any relief on his excessive bail claim.

Article III of the Constitution limits the judiciary to resolving only "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (collecting cases) ("Federal courts are courts of limited jurisdiction."). This is "a cradle-to-grave requirement," meaning that a case or controversy must remain live throughout the duration of a case. *Fialka-Feldman v. Oakland Univ. Bd. of Tr.*, 639 F.3d 711, 713 (6th Cir. 2011). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation" such that there is no longer a live case or controversy for the courts to resolve, "the action can no longer proceed and must be dismissed as moot" for lack of subject-matter jurisdiction. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (internal quotations omitted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 47778 (1990)). Accordingly, the Court will dismiss the present petition as moot.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court resolved Petitioner's § 2254 petition on the procedural ground that the controversy has been rendered moot depriving the Court of subject matter jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The Court finds that reasonable jurists could not debate that *Davis* compels dismissal of the petition for lack of jurisdiction; therefore, the Court denies Petitioner a certificate of appealability.

For the same reasons that the Court denies a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing Petitioner's § 2254 petition without prejudice, as well as an order granting Petitioner leave to proceed *in forma pauperis* and denying a certificate of appealability.

Dated: August 19, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge